IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-5267 |
| ) | |
| CSX TRANSPORTATION, ) | |
| CSX TRANSPORTATION, INC., ) | |
| ISS FACILITY SERVICES, INC., and ) | |
| ONESOURCE MAINTENANCE, INC. ) | |
| ) | |
| Defendants. ) | |

**JOINT NOTICE OF REMOVAL**

Defendants, CSX Transportation. Inc. ("CSXT"), by its attorneys, Daley Mohan Groble, P.C., and ISS Facility Services, Inc. ("ISS"), by their attorneys, Knight, Hoppe, Kurnik & Knight, Ltd. (collectively, "Defendants"), and pursuant to 28 U.S.C. §§1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of their Notice of Removal, Defendants state as follows:

**PLAINTIFF'S COMPLAINT**

1. Plaintiff commenced this action on September 15, 2020, by filing a Complaint in the Circuit Court of Cook County, case number 2020 L 009879. (*See* Complaint, attached as Exhibit A).

2. Plaintiff alleges that on September 21, 2018, she was serving as a contractor for CSXT and/or ISS, and she was ordered to clean the offices and restrooms of CSXT's Barr Yard facility in Riverdale, Illinois. While cleaning the men's restroom at Barr Yard, Plaintiff claims

she was sexually assaulted by individual defendant Ramiro Ruvalcaba, an employee of CSXT at the time of the incident. Plaintiff claims she suffered injuries and damages because of the incident.

## BASIS FOR FEDERAL JURISDICTION

### Diversity Of Citizenship

3. This Court has original jurisdiction of this action under 28 U.S.C. §1332 because there is now complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. CSXT is a corporation organized and existing under the laws of the State of Virginia with its principal place of business located in the State of Florida. Pursuant to 28 U.S.C. §1332(c)(1), CSXT is deemed to be a citizen of the State of Virginia and the State of Florida. CSXT consents to the removal of the matter to the United States District Court for the Northern District of Illinois.

5. ISS Facility Services, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in San Antonio, Texas. Pursuant to 28 U.S.C. §1332(c)(1), ISS is deemed to be a citizen of Texas. ISS consents to the removal of the matter to the United States District Court for the Northern District of Illinois.

6. "CSX Transportation" and "OneSource Maintenance, Inc." have never been served and are misnamed entities, and therefore are not proper parties to this action.

7. Based on reasonable investigation and all presently known facts, Defendants state that Plaintiff is a citizen and resident of the State of Illinois, and that Plaintiff is not a citizen of the states of Virginia, Florida, or Texas. Therefore, there is complete diversity of citizenship between Plaintiff on the one hand, and Defendants CSXT and ISS on the other hand.

8. Removal is timely under 28 U.S.C. §1446(c)(1) because, although Defendants have filed this notice more than one year after the commencement of the action, Plaintiff acted in bad faith to prevent Defendants from removing the action by naming Ramiro Ruvalcaba, a citizen of Illinois, as a defendant upon filing the complaint on September 15, 2020, without any intention of pursuing the litigation against Ruvalcaba.

9. Plaintiff never served Defendant Ruvalcaba with the original Complaint.

10. Defendants CSXT and ISS filed separate motions to dismiss the Complaint on February 8, 2021. Plaintiff moved to request limited discovery from Defendants in order to respond to the motions to dismiss, which the Court granted on April 27, 2021.

11. Following limited discovery, on November 9, 2021, Plaintiff filed a Confidential First Amended Complaint at Law ("FAC") again naming as defendants CSXT, ISS and Ruvalcaba. A copy of the Confidential FAC will be filed under seal as Exhibit B, as it contains information from confidential documents marked as "Attorney's Eyes Only" and subject to the agreed protective order entered in this case.

12. On November 24, 2021, Plaintiff issued an alias summons for Defendant Ruvalcaba. The Confidential FAC and summons were not served upon Ruvalcaba until December 15, 2021.

13. On March 1, 2022, Defendant Ruvalcaba filed a Section 2-619 motion to dismiss the FAC for lack of due diligence in obtaining service pursuant to Illinois Supreme Court Rule 103(b). (Ruvalcaba Motion to Dismiss and supporting Memorandum with personal information redacted, attached hereto as Exhibit C).

14. In the supporting memorandum, Defendant Ruvalcaba asserted that he had no knowledge of the lawsuit until he was served with alias summons approximately 39 months after

the alleged incident took place, which is approximately 15 months after the suit was initially filed and the 24-month statute of limitations expired. *See* Exh. C. Moreover, Ruvalcaba noted that there was a year lapse between the issuance of the original summons and the alias summons, and Plaintiff did not file her original complaint until one week before the statutory period to file expired, which, combined with the additional 15-month delay, "essentially nullified the statutory protection for Ruvalcaba not to be required to litigate stale claims." Exh. C

15. Plaintiff never responded to Ruvalcaba's motion to dismiss. Instead, Plaintiff's counsel submitted an order to the Court voluntarily dismissing Ruvalcaba, which was signed and entered by the Court on September 22, 2022. (*See* 9/22/22 Dismissal Order, attached as Exhibit D).

16. Bad faith is shown where a "plaintiff maintains a viable claim against a non-diverse defendant . . . but subjectively has no intention of litigating against that defendant and is instead solely trying to circumvent removal." McVey v. Anaplan, Inc., 2020 U.S. Dist. LEXIS 161385.

17. Plaintiff's 15-month delay in personally serving the lawsuit and summons upon Ruvalcaba, her alleged attacker and perpetrator of the underlying incident, and then entering an order voluntarily dismissing Ruvalcaba from the action just over two years from the filing of the original Complaint, demonstrate that Plaintiff had "no intention of litigating against" Ruvalcaba.

18. Moreover, Plaintiff alleges in the operative complaint (Exh. B) that she was an employee of You Got It Maid, a non-railroad, at the time of the incident. Based on this allegation, any claim asserted against CSXT based on the Federal Employers Liability Act, 45 U.S.C. §51 *et seq* ("FELA") is therefore made in bad faith.

19. Plaintiff's bad faith permits Defendants CSXT and ISS to remove the action more than one year after the commencement of the action.

**Amount in Controversy**

20. Plaintiff has not alleged a specific amount in controversy. Plaintiff's prayer for relief in the Confidential FAC requests a judgment against Defendants "in a sum in excess of $50,000.00." The prayer is in accordance with the rules governing pleading personal injury complaints in the Circuit Court of Cook County. While the FAC does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. §1332, Defendants are confident that Plaintiff will claim the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

21. The undersigned attorneys for ISS and CSXT are experienced in the defense of personal injury lawsuits. Based on that experience, and on the history of verdicts involving similar incidents in the geographic area encompassed by this Court, Defendants state that if Plaintiff establishes liability against either defendant, a jury is likely return a verdict in an amount greater than $75,000.00. CSXT and ISS further state, upon information and belief, that Plaintiff's counsel will assert the value of Plaintiff's claims, and thus the amount in controversy, as greater than $75,000.00.

22. Based on the foregoing, and pursuant to 28 U.S.C. § 1446(c)(2)(B) and <u>Dart Cherokee Basin Operating Company, LLC v. Owens</u>, 135 S. Ct. 547 (2014), Defendants state that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**NOTICE TO PLAINTIFF AND STATE COURT**

23. Attached hereto as <u>Exhibit E</u> is the Notice of Filing of the Notice of Removal being filed contemporaneously with the Clerk of the Circuit Court of Cook County.

WHEREFORE, Defendants, CSXT and ISS hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

| **CSX Transportation, Inc.** | **ISS Facility Services, Inc.** |
|---|---|
| By: /s/ *Daniel J. Mohan*    <br>     One of Its Attorneys | By: /s/ *Paul B. Johnson*    <br>     One of Its Attorneys |
| Daniel J. Mohan<br>Kathryn M. Doi<br>Daley Mohan Groble, P.C.<br>55 West Monroe, Suite 1600<br>Chicago, Illinois 60603<br>mohan@daleymohan.com<br>kdoi@daleymohan.com | Paul B. Johnson<br>Brandon Fallon<br>Knight, Hoppe, Kurnik & Knight, Ltd.<br>5600 North River Road, Suite 600<br>Rosemont, IL 60018<br>pjohnson@khkklaw.com<br>bfallon@khkklaw.com |

## CERTIFICATE OF SERVICE

I, Daniel J. Mohan, an attorney, certify that I caused a true copy of the foregoing **JOINT NOTICE OF REMOVAL** to be served upon the following attorneys of record via this Court's electronic filing system on September 27, 2022:

Christopher C. Cortese
HURLEY McKENNA & MERTZ, P.C.
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
ccortese@hurley-law.com
*Counsel for Plaintiff Jessica Smith*

         /s/ *Daniel J. Mohan*
         Daniel J. Mohan