FILED
9/15/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L009879

COUNTY OF COUNTY    )
    ) SS
STATE OF ILLINOIS    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JESSICA SMITH, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| CSAX TRANSPORTATION, | ) |
| CSX TRANSPORTATION, INC., | ) |
| ISS FACILITY SERVICES, INC., | ) |
| ONESOURCE MAINTENANCE, INC., and | ) |
| RAMIRO RUVALCABA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | )    **JURY TRIAL REQUESTED** |
| | ) |
| | ) |

**COMPLAINT AT LAW**

**COUNT I- CSX TRANSPORTATION AND CSX TRANSPORTATION, INC., FEDERAL
EMPLOYERS'S LIABILITY ACT (FELA)**

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley

McKenna & Mertz, and as Count I of her Complaint at Law against defendants CSX

TRANSPORTATION AND CSX TRANSPORTATION, INC., (hereinafter referred to as

"CSX"), she states as follows:

1. Defendant CSX is a corporation engaged in interstate commerce between the various

states of the United States, as defined by the Federal Employers' Liability Act 45 U.S.C. § 51, *et*

*seq.* and is subject to service of process and to the jurisdiction of this court.

1

FILED DATE: 9/15/2020 1:30 PM    2020L009879

2.   Jurisdiction is proper in this case, as all acts complained of occurred at Defendant CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois.

3.   On September 21, 2018, Plaintiff, JESSICA SMITH, was employed by You Got It Maid, and her duties were in furtherance of interstate commerce for Defendant, CSX.

4.   Pleading in the alternative, and at the time and placed alleged, Plaintiff, JESSICA SMITH, was serving as a contractor for the railroad; or she was the joint employee of the railroad and You Got It Maid; or she was the subservant of You Got It Maid that was the servant of  railroad, CSX.

5.    At all times referenced herein, Defendant CSX owned, operated, maintained, and managed the railroad property, including but not limited to the  offices and restrooms, located at Barr Yard, 13600 S Wentworth Ave, Riverdale IL, 60827.

6.   On or about September 21, 2018, JESSICA SMITH, was ordered by CSX to clean the offices and restrooms of CSX's Barr Yard, located at 13600 S Wentworth Ave, Riverdale IL, when she was seriously injured.

7.   At said Barr Yard, CSX exercised control over the work of JESSICA SMITH, in furtherance of its railroad business.

8.   JESSICA SMITH's job duties were primarily concerned with cleaning and maintaining CSX's rail facilities so that CSX could maintain rail operation.

9.   CSX owned and controlled all areas cleaned by, JESSICA SMITH, and controlled the frequency, location, and times that JESSICA SMITH would clean and maintain its facilities.

10. CSX had on site operations managers at Barr Yard, including assistant terminal

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

managers, terminal managers, trainmasters, yard masters, car department managers, and facility managers, all who controlled JESSICA SMITH's work.

11.   CSX controlled the cleaning, maintenance, and work of, JESSICA SMITH, by dictating the means and methods of her work, including but not limited to general cleaning, floor cleaning, carpet care, break area, and restrooms at the Barr Yard.

12.   By controlling the times and areas JESSICA SMITH was allowed to clean and maintain Barr Yard, CSX controlled when and where JESSICA SMITH would be present at its facility.

13.   The control of the means and methods of JESSICA SMITH's work and her access to the facility was integral to the operation of the Barr Yard and CSX's rail operation.

14.   By JESSICA SMITH keeping and maintaining a clean facility for Defendant, CSX , its was able to adequately operate its rail facility and ensure the timely movement of trains and materials.

15.   JESSICA SMITH was in janitorial services, and her job duties included cleaning offices, break areas, and restrooms of Defendant, CSX's Barr Yard.

16.   Defendant, CSX, in practice retained direct control over all operations at Barr Yard, including Plaintiff, JESSICA SMITH's, job tasks on a day to day basis.

17.   The work performed by Plaintiff, JESSICA SMITH, was historically performed by railroad employees and required Plaintiff to work closely with Defendant, CSX, and its employees, agents, and apparent agents.

18.   Plaintiff, JESSICA SMITH, was responsible to answer to Defendant, CSX, because it was the master and in control of her work at the rail yard.

19.   Pursuant to the FELA, the Defendant, CSX, cannot limit its liability to Plaintiff,

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

JESSICA SMITH, through artificial device or contract; because Plaintiff was performing a task integral to the operation of the railroad, and Plaintiff was an employee of the railroad under the FELA.

20. At said time, both Plaintiff, JESSICA SMITH, and Defendant, CSX, were subject to the Acts of Congress known as the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. and amendments thereto.

21. On or about September 21, 2018, JESSICA SMITH was cleaning the men's restroom at CSX's building Shanty 41 at the Barr Yard.

22. On or about September 21, 2018, defendant, RAMIRO RUVALCABA, an employee, agent, and/or apparent agent of Defendant, CSX, was the only employee in Shanty 41while JESSICA SMITH cleaning the Barr Yard.

23. On or about September 21, 2018, while Plaintiff, JESSICA SMITH, cleaned the men's restroom in furtherance of Defendant, CSX's rail business, Defendant, RAMIRO RUVALCABA, followed her into the men's restroom on three separate occasions, all closely timed apart.

24. On or about September 21, 2018, on the third time entering the men's restroom, Defendant, RAMIRO RUVALCABA exposed his penis to JESSICA SMITH, and blocked her exit from the men's restroom.

25. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then said to JESSICA SMITH, "let me see what you can do," to which JESSICA SMITH responded in the negative, "NO!" three different times.

26. On or about September 21, 2018 Defendant, RAMIRO RUVALCABA then and there forcibly grabbed JESSICA SMITH by the back of her head and bit the left side of her neck.

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

27. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then forced JESSICA SMITH's head down towards his groin, and forced his penis into JESSICA SMITH's mouth.

28. On or about September 21, 2018, JESSICA SMITH, was momentarily able to push away from Defendant, RAMIRO RUVALCABA and retreated backwards towards the stalls in the restroom.

29. On or about September 21, 2018, Defendant RAMIRO RUVALCABA followed JESSICA SMITH, grabbed her hair, and forced her back down to her knees.

30. On or about September 21, 2018, from a standing position, Defendant RAMIRO RUVALCABA forced his penis back into JESSICA SMITH's mouth.

31. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then and there ejaculated semen onto JESSICA SMITH's face, the stall wall, and floor.

32. On or about September 21, 2018, Defendant, RAMIRO RUVALCABA then exited the men's restroom, leaving JESSICA SMITH alone in Shanty 41.

33. On or about September 21, 2018, Plaintiff, JESSICA SMITH, was injured while working for Defendant, CSX in Cook County, Illinois when she was sexually assaulted by CSX's employee, agent, and/or apparent agent, RAMIRO RUVALCABA.

34. At the time of her injuries, Plaintiff, JESSICA SMITH, was acting at all times herein within the scope of her employment and in furtherance of the Defendant CSX's business, and it was Defendant, CSX's, non-delegable duty to exercise ordinary care to furnish Plaintiff, JESSICA SMITH, with a reasonably safe place and tools and materials to perform her duties.

35. At all times herein, it was the continuing duty of Defendant, CSX, to exercise ordinary care for the safety of the Plaintiff, JESSICA SMITH.

36. Defendant, CSX, BREACHED ITS DUTY TO Plaintiff by one or more of the following negligent acts and omissions:

    a. Allowed JESSICA SMITH to be left alone in the men's restroom while she attempted to perform her job duties;

    b. Allowed an abusive culture towards women to exist at Barr Yard;

    c. Failed to properly staff Shanty 41 of Barr Yard with an adequate number of employees to prevent one-on-one situations;

    d. Failed to provide JESSICA SMITH a panic button in the case of emergency;

    e. Failed to place cameras or other security measures throughout Shanty 41 as preventative measure for unwanted sexual advances;

    f. Failed to prevent or stop JESSICA SMITH from being sexually assaulted;

    g. Failed to provide JESSICA SMITH with a safe place to work;

    h. Failed to maintain appropriate policies and procedures for the safety of female employees at Barr Yard;

    i. Failed to properly screen and/or perform background checks when hiring employees;

    j. Failed to properly train other employees working at Barr Yard;

    k. Failed to institute policies to prevent sexual harassment and sexual assaults at Barr Yard;

    l. Failed to appropriately train and/or supervise its employees, agents, apparent agents, and/or servants;

    m. Hired and allowed employees, agents, apparent agents, and/or servants who were unfit for employment at the Barr Yard;

FILED DATE: 9/15/2020 1:30 PM   2020L009879

**EXHIBIT A**

n.   Filed to call or notify the police immediately after JESSICA SMITH was

sexually assaulted;

o.   Failed to render aid to JESSICA SMITH after she was sexually assaulted;

p.   Failed to care for JESSICA SMITH until she could be cared for by others;

q.   Otherwise failed to ensure the safety of JESSICA SMITH;

r.   Were otherwise negligent.

37. As a direct and proximate results of one or more of the more foregoing negligent acts and/or omissions of Defendant, CSX, Plaintiff, JESSICA SMITH, incurred injuries which have caused her and will continue to cause her great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, JESSICA SMITH, has been and will be in the future be kept from attending to her ordinary affairs and duties, and has lost and will lose great gains which she otherwise would have made and acquired; as a further result, Plaintiff, JESSICA SMITH, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, CSX TRANSPORTATION AND CSX TRANSPORTATION, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

### COUNT II- PREMISES LIABILITY-
### CSX TRANSPORTATION AND CSX TRANSPORTATION, INC.

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley McKenna & Mertz, and as Count II of her Complaint at Law against defendants CSX TRANSPORTATION AND CSX TRANSPORTATION, INC., (hereinafter referred to as "CSX"), she states as follows:

7

FILED DATE: 9/15/2020 1:30 PM   2020L009879

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

1.   On September 21, 2018, Plaintiff, JESSICA SMITH, an adult female, was present at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois in for purpose of cleaning Defendant CSX's rail facility.

2.   At all times referenced herein, Defendant, CSX, was a railroad corporation that owned, operated, managed, and maintained the Barr Yard, including the offices and restrooms, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois

3.   Jurisdiction is proper in this case, as all acts complained of occurred at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois.

4.   On September 21, 2018, Plaintiff, JESSICA SMITH, was employed by You Got It Maid, and was present at Defendant, CSX's Barr Yard for purposes of cleaning the rail facility.

5.    At all times referenced herein, Defendant, CSX, owned, operated, maintained, and managed the railroad property, including but not limited to the  offices and restrooms, located at Barr Yard, 13600 S Wentworth Ave, Riverdale IL, 60827.

6.   On or about September 21, 2018, at approximately 1:00 PM, Plaintiff, JESSICA SMITH, as a business invitee of, Defendant, CSX, was expressly or impliedly invited to Defendant CSX's, Barr Yard, located at 13600 S Wentworth Ave, Riverdale IL, 60827, for the purpose of cleaning the premises.

7.   As a business invitee, a special relationship existed between Defendant, CSX and Plaintiff, JESSICA SMITH.

8.   At all times referenced herein, Defendant, RAMIRO RUVALCABA was a duly authorized agent, apparent agent, servant, and/or employee of Defendant, CSX.

9.   As the employer of Defendant, RAMIRO RUVALCABA, a special relationship

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

existed between Defendant, CSX, and Defendant, RAMIRO RUVALCABA, that placed

Defendant, CSX, in the best position to protect Plaintiff, JESSICA SMITH, from the risk of

harm from its employees.

10. On or about September 21, 2018, JESSICA SMITH was cleaning the men's restroom

Defendant, CSX's building Shanty 41 at the Barr Yard.

11. On or about September 21, 2018, Defendant, RAMIRO RUVALCABA, an

employee, agent, and/or apparent agent of Defendant, CSX, was the only employee in Shanty

41while JESSICA SMITH was cleaning the Barr Yard.

12. On or about September 21, 2018, while Plaintiff, JESSICA SMITH, cleaned the

men's restroom in furtherance of Defendant, CSX's rail business, Defendant, RAMIRO

RUVALCABA, followed her into the men's restroom on three separate occasions, all closely

timed apart.

13. On or about September 21, 2018, on the third time entering the men's restroom,

Defendant, RAMIRO RUVALCABA exposed his penis to JESSICA SMITH, and blocked her

exit from the men's restroom.

14. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then said

to JESSICA SMITH, "let me see what you can do," to which JESSICA SMITH responded in the

negative, "NO!" three different times.

15. On or about September 21, 2018 Defendant, RAMIRO RUVALCABA then and

there forcibly grabbed JESSICA SMITH by the back of her head and bit the left side of her neck.

16. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then forced

JESSICA SMITH's head down towards his groin, and forced his penis into JESSICA SMITH's

mouth.

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

17. On or about September 21, 2018, JESSICA SMITH, was momentarily able to push away from Defendant, RAMIRO RUVALCABA and retreated backwards towards the stalls in the restroom.

18. On or about September 21, 2018, Defendant RAMIRO RUVALCABA followed JESSICA SMITH, grabbed her hair, and forced her back down to her knees.

19. On or about September 21, 2018, from a standing position, Defendant RAMIRO RUVALCABA forced his penis back into JESSICA SMITH's mouth.

20. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then and there ejaculated semen onto JESSICA SMITH's face, the stall wall, and floor.

21. On or about September 21, 2018, Defendant, RAMIRO RUVALCABA then exited the men's restroom, leaving JESSICA SMITH alone in Shanty 41.

22. On or about September 21, 2018, Plaintiff, JESSICA SMITH, was injured while working for Defendant, CSX in Cook County, Illinois when she was sexually assaulted by CSX's employee, agent, and/or apparent agent, RAMIRO RUVALCABA.

23. After sustaining injuries on September 21, 2018, Plaintiff, JESSICA SMITH, could not locate other employees of Defendant, CSX, and was not aware of the protocol behind reporting the incident.

24. On September 24, 2018, after the urging from colleagues at a different job, Plaintiff, JESSICA SMITH, reported the incident with Defendant, RAMIRO RUVALCABA, to the CSX supervisor who was on duty.

25. On September 24, 2018, the CSX supervisor, after advising his corporate manager, contacted the Riverdale Police Department to investigate the incident.

26. On September 24, 2018, the Riverdale Police Department investigated the incident.

EXHIBIT A

27. At all times relevant hereto, Defendant, CSX, owed Plaintiff, JESSICA SMITH, as a business invitee, a duty to take reasonable steps and exercise ordinary care to secure Plaintiff, JESSICA SMITH's safety, protect Plaintiff, JESSICA SMITH, against the unreasonable risk of physical harm, to render Plaintiff, JESSICA SMITH, aid after learning that Plaintiff, JESSICA SMITH, was injured, and to care for Plaintiff, JESSICA SMITH, until others could care for her.

28. Despite the aforementioned duties, Defendant, CSX, by and through its employees, agents, apparent agents and/or servants, including, but not limited to, Defendant RAMIRO RUVALCABA, breached the aforementioned duties and was negligent in one or more of the

    a.  Allowed JESSICA SMITH to be left alone in the men's restroom while she attempted to perform her job duties;

    b.  Allowed an abusive culture towards women to exist at Barr Yard;

    c.  Failed to properly staff Shanty 41 of Barr Yard with an adequate number of employees to prevent one-on-one situations;

    d.  Failed to provide JESSICA SMITH a panic button in the case of emergency;

    e.  Failed to place cameras or other security measures throughout Shanty 41 as preventative measure for unwanted sexual advances;

    f.  Failed to prevent or stop JESSICA SMITH from being sexually assaulted;

    g.  Failed to provide JESSICA SMITH with a safe place to work;

    h.  Failed to maintain appropriate policies and procedures for the safety of female employees at Barr Yard;

    i.  Failed to properly screen and/or perform background checks when hiring employees;

    j.  Failed to properly train other employees working at Barr Yard;

11

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM   2020L009879

k.  Failed to institute policies to prevent sexual harassment and sexual assaults at Barr Yard;

l.  Failed to appropriately train and/or supervise its employees, agents, apparent agents, and/or servants;

m.  Failed to institute rules and regulations and/or policies and procedures for women cleaning men's restrooms by themselves at Barr Yard;

n.  Failed to prevent men from entering the bathroom while it was being cleaned;

o.  Hired and allowed employees, agents, apparent agents, and/or servants who were unfit for employment at the Barr Yard;

p.  Filed to call or notify the police immediately after JESSICA SMITH was sexually assaulted;

q.  Failed to render aid to JESSICA SMITH after she was sexually assaulted;

r.  Failed to care for JESSICA SMITH until she could be cared for by others;

s.  Otherwise failed to ensure the safety of JESSICA SMITH;

t.  Were otherwise negligent.

29. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant CSX, Plaintiff, JESSICA SMITH, suffered severe and permanent injuries of a personal and pecuniary nature.

Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, CSX TRANSPORTATION AND CSX TRANSPORTATION, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

**EXHIBIT A**

FILED DATE: 9/15/2020 1:30 PM    2020L009879

## COUNT III- NEGLIGENCE- RAMIRO RUVALCABA INDIVIUDALLY AND AS EMPLOYEE/AGENT/and/or APPARENT AGENT OF CSX TRANSPORTATION AND CSX TRANSPORTATION, INC.

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley McKenna & Mertz, and as Count III of her Complaint at Law against defendants, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., (hereinafter referred to as "CSX"), she states as follows:

1. On September 21, 2018, Plaintiff, JESSICA SMITH, an adult female, was present at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois in for purpose of cleaning Defendant CSX's rail facility.

2. At all times referenced herein, Defendant, CSX, was a railroad corporation that owned, operated, managed, and maintained the Barr Yard, including the offices and restrooms, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois

3. Jurisdiction is proper in this case, as all acts complained of occurred at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois.

4. On September 21, 2018, Plaintiff, JESSICA SMITH, was employed by You Got It Maid, and was present at Defendant, CSX's Barr Yard for purposes of cleaning the rail facility.

5. At all times referenced herein, Defendant, CSX, owned, operated, maintained, and managed the railroad property, including but not limited to the offices and restrooms, located at Barr Yard, 13600 S Wentworth Ave, Riverdale IL, 60827.

6. On or about September 21, 2018, at approximately 1:00 PM, Plaintiff, JESSICA

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

SMITH, was present at Defendant CSX's, Barr Yard, located at 13600 S Wentworth Ave, Riverdale IL, 60827, for the purpose of cleaning the premises.

7.    At all times referenced herein, Defendant, RAMIRO RUVALCABA was a duly authorized agent, apparent agent, servant, and/or employee of Defendant, CSX.

8.    On or about September 21, 2018, JESSICA SMITH was cleaning the men's Restroom Defendant, CSX's building Shanty 41 at the Barr Yard.

9.    On or about September 21, 2018, Defendant, RAMIRO RUVALCABA, an employee, agent, and/or apparent agent of Defendant, CSX, was the only employee in Shanty 41while JESSICA SMITH was cleaning the Barr Yard.

10.    On or about September 21, 2018, while Plaintiff, JESSICA SMITH, cleaned the men's restroom in furtherance of Defendant, CSX's rail business, Defendant, RAMIRO RUVALCABA, followed her into the men's restroom on three separate occasions, all closely timed apart.

11.    On or about September 21, 2018, on the third time entering the men's restroom, Defendant, RAMIRO RUVALCABA exposed his penis to JESSICA SMITH, and blocked her exit from the men's restroom.

12.    On or about September 21, 2018, Defendant RAMIRO RUVALCABA then said to JESSICA SMITH, "let me see what you can do," to which JESSICA SMITH responded in the negative, "NO!" three different times.

13.    On or about September 21, 2018 Defendant, RAMIRO RUVALCABA then and there negligently and recklessly grabbed JESSICA SMITH by the back of her head and bit the left side of her neck.

14.    On or about September 21, 2018, Defendant RAMIRO RUVALCABA then

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

negligently and recklessly forced JESSICA SMITH's head down towards his groin, and negligently and recklessly forced his penis into JESSICA SMITH's mouth.

15.    On or about September 21, 2018, JESSICA SMITH, was momentarily able to push away from Defendant, RAMIRO RUVALCABA and retreated backwards towards the stalls in the restroom.

16.    On or about September 21, 2018, Defendant RAMIRO RUVALCABA followed JESSICA SMITH, negligently and recklessly grabbed her hair, and forced her back down to her knees.

17.    On or about September 21, 2018, from a standing position, Defendant RAMIRO RUVALCABA negligently and recklessly forced his penis back into JESSICA SMITH's mouth.

18.    On or about September 21, 2018, Defendant RAMIRO RUVALCABA then and there ejaculated semen onto JESSICA SMITH's face, the stall wall, and floor.

19.    On or about September 21, 2018, Defendant, RAMIRO RUVALCABA then exited the men's restroom, leaving JESSICA SMITH alone in Shanty 41.

20.    On or about September 21, 2018, Plaintiff, JESSICA SMITH, was injured while working for Defendant, CSX in Cook County, Illinois as a result of the interaction with CSX's employee, agent, and/or apparent agent, RAMIRO RUVALCABA.

21.    At all times referenced herein, Defendant, RAMIRO RUVALCABA, was working on behalf of Defendant, CSX, at Barr Yard as an employee, agent, apparent agent, and/or servant, acting in the course and scope of his employment.

22.    At all times mentioned herein, Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent, and/or servant of Defendant CSX owed Plaintiff, the duty to exercise ordinary care for the safety of Plaintiff and to be free from negligence.

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

23.     Both Defendant, CSX, and Defendant, RAMIRO RUVALCABA, by and through its employees, agents, apparent agents, and/or servants, including but not limited to RAMIRO RUVALCABA, breached that duty of care and were negligent by, inter alia, touching, Plaintiff, JESSICA SMITH, in a manner that was beyond the scope of reasonable or proper.

24.     Defendant, CSX and Defendant RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX deviated from the applicable standard of care in the following ways:

> a. Failed to understand and respect JESSICA SMITH's physical and emotional boundaries;
>
> b. Sexually assaulted JESSICA SMITH, which caused JESSICA SMITH to suffer injury;
>
> c. Caused physical and psychological injuries to JESSICA SMITH;
>
> d. Failed to follow policies, procedures, standards, and/or regulations for the safety of individuals working at the Barr Yard;
>
> e. Caused severe emotional distress to JESSICA SMITH, when he knew or should have known there was a high probability that his conduct would cause said severe emotional distress;
>
> f. Failed to stop his unwanted advances and touching when he knew or should have known that JESSICA SMITH did not want to be touched; and
>
> g. Was otherwise careless and negligent.

31.     As a direct and proximate result of the aforementioned conduct by Defendant, CSX, and Defendant, RAMIRO RUVALCABA, Plaintiff, JESSICA SMITH, suffered severe and permanent injuries of a personal and pecuniary nature.

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM   2020L009879

Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, RAMIRO RUVALCABA, individually, and as employee, agent, and/or apparent agent of CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

### COUNT IV- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS RAMIRO RUVALCABA INDIVIUDALLY AND AS EMPLOYEE/AGENT/and/or APPARENT AGENT OF CSX TRANSPORTATION AND CSX TRANSPORTATION, INC.

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley McKenna & Mertz, and as Count IV of her Complaint at Law against defendants, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., (hereinafter referred to as "CSX"), she states as follows:

1-20.   Plaintiff, JESSICA SMITH, re-alleges and reasserts paragraphs 1 through 20 of Count III as and for paragraphs 1 through 20 of Count IV.

21.     At all times referenced herein, Defendant, RAMIRO RUVALCABA, was working on behalf of Defendant, CSX, as an employee, agent, apparent agent, and/or servant, acting in the course and scope of his employment.

22.     At all times mentioned herein, Defendant, RAMIRO RUVALCABA, individually, and as an employee, agent, and or/apparent agent of Defendant, CSX, owed, Plaintiff, JESSICA SMITH, the duty to exercise ordinary care for the safety of Plaintiff and to be free from negligence

23.     Both Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, and or/apparent agent of Defendant, CSX, and Defendant, CSX by and through its

17

FILED DATE: 9/15/2020 1:30 PM    2020L009879

employees, agents, apparent agents, and/or servants, including but not limited to Defendant, RAMIRO RUVALCABA, breached that duty of care and were negligent by, inter alia, touching Plaintiff, JESSICA SMITH, in a manner that was beyond the scope of reasonable or proper.

24. Defendants, CSX, and Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX deviated from the applicable standard of care in one or more of the following ways:

> a. Failed to understand and respect JESSICA SMITH's physical and emotional boundaries; and
>
> b. Sexually assaulted JESSICA SMITH, which caused JESSICA SMITH to suffer injury.

25. Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX subjected Plaintiff, JESSICA SMITH, to unwanted, intrusive, offensive, horrendous, disturbing acts and conditions described herein.

26. Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX's, aforementioned conduct towards Plaintiff, JESSICA SMITH, was so outrageous in character and extreme in degree to go beyond all possible bounds of decency.

27. Defendant, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX knew, or should have known, that there was a high degree of probability that his conduct would cause severe emotional distress.

28. As a direct and proximate result of the aforementioned conduct by Defendant, CSX, and Defendant, RAMIRO RUVALCABA, individually and as an employee, agent,

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM          2020L009879

apparent agent and/or servant of Defendant CSX Plaintiff, JESSICA SMITH, suffered severe and permanent injuries of a personal and pecuniary nature.

Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, RAMIRO RUVALCABA, individually and as an employee, agent, apparent agent and/or servant of Defendant CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

### COUNT V- NEGLIGENT SUPERVISION / RETENTION- DEFENDANT CSX

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley McKenna & Mertz, and as Count V of her Complaint at Law against defendants, CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., (hereinafter referred to as "CSX"), she states as follows:

1-20.    Plaintiff, JESSICA SMITH, re-alleges and reasserts paragraphs 1 through 20 of Count III as and for paragraphs 1 through 20 of Count V.

21.    At all times referenced herein, Defendant, RAMIRO RUVALCABA, was working on behalf of Defendant, CSX, as an employee, agent, apparent agent, and/or servant, acting in the course and scope of his employment.

22.    At all times referenced herein, Defendant, CSX, and Defendant, RAMIRO RUVALCABA, owed Plaintiff, JESSICA SMITH, a duty of care, and a duty to exercise reasonable care and caution in the supervision and retention of its employee, Defendant RAMIOR RUVALCABA, and a duty to take reasonable steps to secure the safety of Defendant, CSX's, guests, customers, and business invitees, including Plaintiff, JESSICA SMITH.

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

23.     After hiring Defendant, RAMIRO RUVALCABA, and prior to allowing him to be alone in Barr Yard building with, JESSICA SMITH, on September 21, 2018, Defendant, CSX, knew or should have known that Defendant, RAMIRO RUVALCABA, was unfit to be left unsupervised or alone with business invitees, as he was a danger to business invitees such as JESSICA SMITH.

24.     Despite the aforementioned duties, Defendant, CSX, failed to supervise and discharge Defendant, RAMIRO RUVALCABA, and he was free to engage in the acts referenced herein. In doing so, Defendant, CSX, was negligent in one or more of the following ways:

a. Failed to investigate RAMIRO RUVALCABA's ongoing fitness and character;

b. Failed to vet RAMIRO RUVALCABA, including investigating his previous training and experience;

c. Failed to investigate and supervise RAMIRO RUVALCABA's behavior;

d. Failed to supervise RAMIRO RUVALCABA when he was in CSX buildings;

e. Failed to supervise RAMIRO RUVALCABA's ability to follow specific rules, regulations, procedures, policies, protocols and guidelines;

f. Failed to terminate RAMIRO RUVALCABA's employment prior to RAMIRO RUVALCABA's sexual assault of JESSICA SMITH;

g. Allowed RAMIRO RUVALCABA to work in close proximity JESSICA SMITH when it new or should have known he was a danger to other workers at Barr Yard like JESSICA SMITH;

h. Hired RAMIRO RUVALCABA when he was unfit for employment at Barr Yard; and

i. Was otherwise careless and negligent.

**EXHIBIT A**

25.     As a direct and proximate cause of Defendant, CSX's, aforementioned negligent supervision and retention of Defendant RAMIRO RUVALCABA, Plaintiff, JESSICA SMITH, suffered severe and permanent injuries of a personal and pecuniary nature.

Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, CSX TRANSPORTATION, AND CSX TRANSPORTATION, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

<u>**COUNT VI- NEGLIGENCE-**</u>
<u>**ISS FACILITY SERVICES, INC. AND ONESOURCE MAINTENANCE, INC.**</u>

NOW COMES the plaintiff, JESSICA SMITH, by her attorneys in this regard, Hurley McKenna & Mertz, and as Count VI of her Complaint at Law against defendants ISS FACILITY SERVICES, INC. and ONESOURCE MAINTENANCE, INC., (hereinafter referred to as "ISS"), she states as follows:

1.   On September 21, 2018, Plaintiff, JESSICA SMITH, an adult female, was present at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois in for purpose of cleaning Defendant CSX's rail facility.

2.   At all times referenced herein, Defendant, CSX, was a railroad corporation that owned, operated, managed, and maintained the Barr Yard, including the offices and restrooms, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois

3.   Jurisdiction is proper in this case, as all acts complained of occurred at Defendant, CSX's Barr Yard, located at 13600 S. Wentworth Avenue, Village of Riverdale, County of Cook, State of Illinois.

4.   On September 21, 2018, Plaintiff, JESSICA SMITH, was employed by You Got It

FILED DATE: 9/15/2020 1:30 PM   2020L009879

**EXHIBIT A**

Maid, and was present at Defendant, CSX's Barr Yard for purposes of cleaning the rail facility.

5. On September 21, 2018, and at all times relevant hereto, Defendant, ISS, provided facility services for Defendant, CSX, and worked in concert with CSX to clean and maintain the Barr Yard railyard.

6. On September 21, 2018, and at all times relevant hereto, Defendant, ISS, entered into a subcontract agreement with, You Got It Maid, for cleaning service at Defendant, CSX's Barr Yard.

7. On September 21, 2018, and at all times relevant hereto, Defendant, ISS, subcontracted for cleaning services at Barr Yard for the benefit of Defendant, CSX.

8. On September 21, 2020, at all times referenced herein, Defendant, ISS, controlled the work and cleaning of Plaintiff, JESSICA SMITH, by directing, when, where, and how she cleaned at the Barr Yard.

9. On September 21, 2020, at all times referenced herein, Defendant, ISS, set JESSICA SMITH's cleaning schedule, and directed her to specific areas of Barr Yard to clean.

10. On or about September 21, 2018, at approximately 1:00 PM, Plaintiff, JESSICA SMITH, was an invitee of, Defendant, CSX, and was expressly or impliedly invited to Defendant CSX's, Barr Yard, located at 13600 S Wentworth Ave, Riverdale IL, 60827, for the purpose of cleaning the premises pursuant to a subcontract with Defendant, ISS.

11. On or about September 21, 2018, JESSICA SMITH was cleaning the men's restroom Defendant, CSX's building Shanty 41 at the Barr Yard.

12. On or about September 21, 2018, Defendant, ISS, knew that JESSICA SMITH, a female, would be cleaning the men's restrooms at Barr Yard alone.

13. On or about September 21, 2018, Defendant, ISS, failed to provide a protocol or

FILED DATE: 9/15/2020 1:30 PM   2020L009879

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

establish rules for Defendant, CSX, employees to follow when JESSICA SMITH, was cleaning the men's rooms at Barr Yard by herself.

14. On or about September 21, 2018, Defendant, ISS, knew or should have known that Plaintiff, JESSICA SMITH, would be left alone while cleaning the Barr Yard with male employees, agents, and/or apparent agents of Defendant, CSX, like Defendant RAMIRO RUVALCABA.

15. On or about September 21, 2018, Defendant, RAMIRO RUVALCABA, an employee, agent, and/or apparent agent of Defendant, CSX, was the only employee in Shanty 41while JESSICA SMITH was cleaning the Barr Yard.

16. On or about September 21, 2018, while Plaintiff, JESSICA SMITH, cleaned the men's restroom in furtherance of Defendant, CSX's rail business, and pursuant to the subcontract with Defendant, ISS,  Defendant, RAMIRO RUVALCABA, followed her into the men's restroom on three separate occasions, all closely timed apart.

17. On or about September 21, 2018, on the third time entering the men's restroom, Defendant, RAMIRO RUVALCABA exposed his penis to JESSICA SMITH, and blocked her exit from the men's restroom.

18. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then said to JESSICA SMITH, "let me see what you can do," to which JESSICA SMITH responded in the negative, "NO!" three different times.

19. On or about September 21, 2018 Defendant, RAMIRO RUVALCABA then and there forcibly grabbed JESSICA SMITH by the back of her head and bit the left side of her neck.

20. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then forced

EXHIBIT A

JESSICA SMITH's head down towards his groin, and forced his penis into JESSICA SMITH's mouth.

21. On or about September 21, 2018, JESSICA SMITH, was momentarily able to push away from Defendant, RAMIRO RUVALCABA and retreated backwards towards the stalls in the restroom.

22. On or about September 21, 2018, Defendant RAMIRO RUVALCABA followed JESSICA SMITH, grabbed her hair, and forced her back down to her knees.

23. On or about September 21, 2018, from a standing position, Defendant RAMIRO RUVALCABA forced his penis back into JESSICA SMITH's mouth.

24. On or about September 21, 2018, Defendant RAMIRO RUVALCABA then and there ejaculated semen onto JESSICA SMITH's face, the stall wall, and floor.

25. On or about September 21, 2018, Defendant, RAMIRO RUVALCABA then exited the men's restroom, leaving JESSICA SMITH alone in Shanty 41.

26. On or about September 21, 2018, Plaintiff, JESSICA SMITH, was injured while working for Defendant, ISS on behalf of Defendant, CSX in Cook County, Illinois when she was sexually assaulted by CSX's employee, agent, and/or apparent agent, RAMIRO RUVALCABA.

27. After sustaining injuries on September 21, 2018, Plaintiff, JESSICA SMITH, coul not locate other employees of Defendant, ISS or Defendant CSX, and was not aware of the protocol behind reporting the incident.

28. On September 24, 2018, after the urging from colleagues at a different job, Plaintiff, JESSICA SMITH, reported the incident with Defendant, RAMIRO RUVALCABA, to the CSX supervisor who was on duty.

29. On September 24, 2018, the CSX supervisor, after advising his corporate manager,

FILED DATE: 9/15/2020 1:30 PM    2020L009879

**EXHIBIT A**

contacted the Riverdale Police Department to investigate the incident.

30. On September 24, 2018, the Riverdale Police Department investigated the incident.

31. At all times relevant hereto, Defendant, ISS, owed Plaintiff, JESSICA SMITH, as a business invitee, a duty to take reasonable steps and exercise ordinary care to provide for Plaintiff, JESSICA SMITH's safety, provide a safe place to work, and protect Plaintiff, JESSICA SMITH, against the unreasonable risk of physical harm, to render Plaintiff, JESSICA SMITH, aid after learning that Plaintiff, JESSICA SMITH, was injured, and to care for Plaintiff, JESSICA SMITH, until others could care for her.

32. Despite the aforementioned duties, Defendant, ISS, by and through its employees, agents, apparent agents and/or servants, breached the aforementioned duties and was negligent in one or more of the

   a.  Allowed JESSICA SMITH to be left alone in the men's restroom while she attempted to perform her job duties;

   b.  Allowed an abusive culture towards women to exist at Barr Yard;

   c.  Failed to properly staff Shanty 41 of Barr Yard with an adequate number of employees or subcontractors to prevent one-on-one situations;

   d.  Failed to provide JESSICA SMITH a panic button in the case of emergency;

   e.  Failed to place cameras or other security measures throughout Shanty 41 as preventative measure for unwanted sexual advances;

   f.  Failed to prevent or stop JESSICA SMITH from being sexually assaulted;

   g.  Failed to provide JESSICA SMITH with a safe place to work;

   h.  Failed to maintain appropriate policies and procedures for the safety of female employees at contracted to work at Barr Yard;

FILED DATE: 9/15/2020 1:30 PM    2020L009879

EXHIBIT A

FILED DATE: 9/15/2020 1:30 PM    2020L009879

i.   Failed to institute rules and regulations and/or policies and procedures for women cleaning men's restrooms by themselves at Barr Yard;

j.   Failed to prevent men from entering the bathroom while it was being cleaned;

k.   Failed to coordinate and ensure proper screening and/or background checks of individuals working at Barr Yard;

l.   Failed to ensure proper training of other employees working at Barr Yard;

m.   Failed to institute policies to prevent sexual harassment and sexual assaults at Barr Yard;

n.   Failed to ensure that CSX appropriately trained and/or supervise its employees, agents, apparent agents, and/or servants working in close proximity to JESSICA SMITH;

o.   Hired and allowed employees, agents, apparent agents, and/or servants to work at Barr Yard amongst workers like RAMIRO RUVALCABA who were unfit for employment at the Barr Yard;

p.   Failed to call or notify the police immediately after JESSICA SMITH was sexually assaulted;

q.   Failed to assess the safety of Barr Yard prior to placing JESSICA SMITH at the facility;

r.   Failed to ensure that CSX had policies and procedures in place to prevent injuries to JESSICA SMITH prior to placing her at Barr Yard;

s.   Failed to render aid to JESSICA SMITH after she was sexually assaulted;

t.   Failed to care for JESSICA SMITH until she could be cared for by others;

**EXHIBIT A**

FILED DATE: 9/15/2020 1:30 PM   2020L009879

    u.  Placed JESSICA SMITH at Barr Yard when it knew or should have known it

        was unsafe to do so;

    v.  Otherwise failed to ensure the safety of JESSICA SMITH; and

    w.  Were otherwise negligent.

   33. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant ISS, Plaintiff, JESSICA SMITH, suffered severe and permanent injuries of a personal and pecuniary nature.

    Wherefore, Plaintiff, JESSICA SMITH, prays for judgment against Defendants, ISS FACILITY SERVICES, INC. and ONESOURCE MAINTENANCE, INC., for an amount in excess of the $50,000.00 jurisdictional limits of this Court, plus the costs of bringing this suit and any other relief this Court deems just.

 

/s/ Christopher C. Cortese
Christopher C. Cortese
One of the attorneys for the Plaintiff

CHRISTOPHER C. CORTESE
HURLEY McKENNA & MERTZ, P.C.
Attorneys for Plaintiff
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
(312) 553-4900
Atty. No. 41267

**EXHIBIT A**

FILED DATE: 9/15/2020 1:30 PM   2020L009879

COUNTY OF COUNTY        )
                                 ) SS
STATE OF ILLINOIS          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| JESSICA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CSAX TRANSPORTATION, | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| ISS FACILITY SERVICES, INC., | ) | |
| ONESOURCE MAINTENANCE, INC., and | ) | |
| RAMIRO RUVALCABA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |

## CERTIFICATION PURSUANT TO SUPREME COURT RULE 222 (b)

Pursuant to Supreme Court Rule 222 (b), counsel for the above named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00).

                                          */s/ Christopher C. Cortese*
                                          Christopher C. Cortese
                                          One of the attorneys for the Plaintiff

HURLEY McKENNA & MERTZ, P.C.
Attorneys for Plaintiff
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
(312) 553-4900
Atty. No. 41267

**EXHIBIT A**

FILED DATE: 9/15/2020 1:30 PM    2020L009879

COUNTY OF COUNTY        )
                                    ) SS
STATE OF ILLINOIS           )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| JESSICA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CSAX TRANSPORTATION, | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| ISS FACILITY SERVICES, INC., | ) | |
| ONESOURCE MAINTENANCE, INC., and | ) | |
| RAMIRO RUVALCABA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |

## JURY DEMAND

NOW COMES Plaintiff, JESSICA SMITH, by and through her attorneys in this regard,

HURLEY McKENNA & MERTZ, P.C., and hereby demands that this matter be tried before a

jury of twelve persons.

*/s/ Christopher C. Cortese*
Christopher C. Cortese
One of the attorneys for the Plaintiff

HURLEY McKENNA & MERTZ, P.C.
Attorneys for Plaintiff
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
(312) 553-4900
Atty. No. 41267

**EXHIBIT A**